# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeffery Giacomini and Kim Giacomini, <br><br> Plaintiffs, <br><br> vs. <br><br> Equifax Information Services, LLC, Experian Information Solution, LLC, Trans Union, LLC, Elan Financial, and City and County Credit Union, <br><br> Defendants. | CIVIL FILE NO.: _____ <br><br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

1.  This is an action for actual, statutory, and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit Reporting Act), and 15 U.S.C. § 1666 (Federal Fair Credit Billing Act).

## JURISDICTION

2.  The jurisdiction of this court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. 1367.

3.  Venue is proper in this Court because a substantial part of the claim arose in Minnesota, and all Defendants "reside" in Minnesota, as that term is used in 28 U.S.C. § 1391.

## PARTIES

4. Plaintiffs Jeffery Giacomini and Kim Giacomini (hereinafter "Jeff", "Kim", or "Plaintiffs") are natural persons residing in the County of Dakota, State of Minnesota, and are "consumers" as that term is defined by 15 U.S.C. § 1681a(c).

5. Upon information and belief, Defendant Equifax Information Services, LLC, (hereinafter "Equifax" or "Defendants") is a corporation incorporated under the laws of the State of Georgia authorized to do business in the State of Minnesota through its registered offices at 2345 Rice Street, Suite 230, Roseville, Minnesota, 55113.

6. Upon information and belief, Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

7. Upon information and belief, Equifax disburses such consumer reports to third-parties under contract for monetary compensation.

8. Upon information and belief, Defendant Trans Union, LLC, (hereinafter "Trans Union" or "Defendants") is a corporation incorporated under the laws of the State of Minnesota authorized to do business in the State of Minnesota through its registered offices at 2345 Rice Street, Suite 230, Roseville, Minnesota, 55113.

9. Upon information and belief, Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Trans Union is

regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

10.   Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

11.   Upon information and belief, Defendant Experian Information Solution, LLC, (Hereinafter "Experian" or "Defendants") is a corporation incorporated under the laws of the State of Minnesota authorized to do business in the State of Minnesota through its registered offices at 1010 Dale Street North, St. Paul, MN 55117.

12.   Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

13.   Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

14.   Upon information and belief, Defendant City and County Credit Union., (Hereinafter "CCCU" or "Defendants"), is a national credit union, authorized to do business in the State of Minnesota as a consumer credit card and mortgage lender, and is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

15.   Upon information and belief, Defendant Elan Financial Services., (Hereinafter "Elan" or "Defendants"), is a national credit union, authorized to do business in the

3

State of Minnesota as a consumer credit card lender, and is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

## FACTUAL ALLEGATIONS: COUNT I EQUIFAX

16. Sometime in 2017, Plaintiffs received their credit report from Defendant Equifax, showing a "CCCU" trade line, which was incorrectly reporting, (hereinafter "CCCU reporting line") and Equifax was also reporting Plaintiff's Elan Financial Credit Card with late payments (hereinafter the "Elan reporting line").

17. Within the 2017 Equifax credit report, Equifax reported that the CCCU reporting line had a balance.

18. Within the 2017 Equifax credit report, Equifax reported that the Elan reporting line was late and Plaintiffs were not current on payments.

19. Plaintiffs had filed for bankruptcy and were discharged in 2015, which included the CCCU Debt and CCCU reporting line, thus Equifax was reporting this line inaccurately. (*See* Exhibit 1, Bankruptcy Dismissal).

20. In 2017, Plaintiffs were current and had not missed a payment, regarding the Elan reporting line.

21. On or about February 28th, 2017, Plaintiffs disputed the Equifax credit reports and requested an investigation into the accuracy of the CCCU reporting line and the Elan reporting line. (*See* Exhibit 2, Equifax February Dispute Letter).

22. On or about March 16th, 2017, Plaintiffs' Equifax credit report was updated by Equifax, CCCU and Elan, at which time the CCCU reporting line was updated as

still having a balance and the Elan reporting line was updated as having missed payments (*See* Exhibit 3, Equifax March Response).

23. The CCCU reporting line was false because Plaintiffs' debt with CCCU was included in the 2015 bankruptcy discharge and should not have been reporting. Additionally, Equifax was reporting Plaintiffs' bankruptcy.

24. The Elan reporting line was false because plaintiffs were current on all payments toward the credit card, and Plaintiffd' CCCU online banking statement reported no missed payments for the months reported on the Equifax credit report.

25. On or about September 29th, 2017, Plaintiffs were denied for two loans that were detrimental for their business, one for $190,000 and the other for $294,566 (See Exhibit 4, Credit Denial letters).

26. Upon the Plaintiffs' request for verification and deletion, and in accordance with its standard procedures, Equifax did not evaluate or consider any of Plaintiffs' information, claims or evidence and did not make any attempt to substantially or reasonably verify both the CCCU reporting line and Elan reporting line.

27. In the alternative to the allegation that Equifax failed to contact Plaintiffs' Bankruptcy court and/or Defendants, it is alleged that Equifax did forward some notice of the dispute to Defendants, and Defendants failed to conduct a lawful investigation.

## FACTUAL ALLEGATIONS: COUNT II TRANS UNION

28.   Sometime in 2017, Plaintiffs received their credit report from Defendant Trans Union, which showed the "CCCU Collections" tradeline as incorrectly reporting (hereinafter the "CCCU Collections reporting line") and was also reporting Plaintiff's Elan Financial Credit Card with an incorrect pay history (hereinafter the "Elan reporting line").

29.   Within the Plaintiffs' Trans Union credit report, Trans Union reported that the status of the CCCU Collections reporting line as in collections.

30.   Additionally, within Plaintiffs' Trans Union credit report, Trans Union reported that Plaintiffs' Elan reporting line credit card had missed payments.

31.   Plaintiffs had filed for Chapter 7 bankruptcy and were discharged in 2015. (*See* Exhibit 1, Bankruptcy Dismissal).

32.   The CCCU Collections representation reported by Trans Union was false because Plaintiffs' CCCU Collections reporting line was included in his Chapter 7 Bankruptcy, and should not have been reporting in collections.

33.   In 2017, Plaintiffs' online banking account showed that plaintiffs were current on all payments toward the Elan reporting line credit card and should not have reported as having a missed payment.

34.   On or about February 28th, 2017, Plaintiffs disputed the CCCU Collections reporting line and the Elan reporting line on their Trans Union credit reports and requested an investigation into the accuracy of both accounts. (*See* Exhibit 5, Trans Union February Dispute Letter).

35.   On or about March 17th, 2017, Plaintiffs' Experian credit reports were updated by Trans Union, CCCU, and Elan. Trans Union and CCCU updated the CCCU Collections reporting line as still being in collections and Trans Union and Elan updated the Elan reporting line and continued to report it as having missed payments (*See* Exhibit 6, Trans Union March Response).

36.   On or about September 29th, 2017, Plaintiffs were denied for two loans that were detrimental for their business, one for $190,000 and the other for $294,566 (See Exhibit 4, Credit Denial letters).

37.   Upon the Plaintiffs' request for verification and deletion, and in accordance with its standard procedures, Trans Union did not evaluate or consider any of Plaintiffd' information, claims or evidence and did not make an attempt to substantially or reasonably verify the CCCU Collections reporting line or the Elan reporting line.

38.   In the alternative to the allegation that Trans Union failed to contact CCCU or Elan Financial Services, it is alleged that Trans Union did forward some notice of the dispute to Defendants, and Defendants failed to conduct a lawful investigation.

## **FACTUAL ALLEGATIONS: COUNT III EXPERIAN**

39.   Sometime in 2017, Plaintiffs received their credit report from Defendant Experian, showing a "CCCU" tradeline, which was incorrectly reporting, (hereinafter "CCCU reporting line") and Experian was also reporting Plaintiffs' Elan Financial Credit Card with late payments (hereinafter the "Elan reporting line").

40.   Within the 2017 Experian credit report(s), Experian reported that the CCCU reporting line had a current balance.

41.   Within the 2017 Experian credit report(s), Experian reported that the Elan reporting line was late and Plaintiffs were not current on payments.

42.   Plaintiffs had filed for bankruptcy and were discharged in 2015, which included the CCCU Debt and CCCU reporting line, thus Experian was reporting this line inaccurately.  (*See* Exhibit 1, Bankruptcy Dismissal).

43.   In 2017 Plaintiffs were current and had not missed a payment in regard to the Elan reporting line.

44.   On or about February 28th, 2017, Plaintiffs disputed their Experian credit reports and requested an investigation into the accuracy of CCCU reporting line and the Elan reporting line. (*See* Exhibit 7 Experian February Dispute Letter).

45.   On or about March 16th, 2017, Plaintiffs' Experian credit reports were updated by Experian, CCCU and Elan. Experian and CCCU updated the CCCU reporting line as still having a current balance and Experian and Elan updated and continued to report that Elan reporting line as having missed payments (*See* Exhibit 8, Experian March Response).

46.   CCCU's March 16th response was false because Plaintiffs' debt with CCCU was included in the 2015 discharged bankruptcy and should not have been reporting. Additionally, Experian was reporting Plaintiffs' bankruptcy inaccurately.

47.   The Elan reporting line was false because plaintiffs were current on all payments toward the credit card. Plaintiffs' CCCU online banking statement reported no missed payments for the months reported on the Experian credit report(s).

48.   On or about September 29th, 2017, Plaintiffs were denied for two loans that were detrimental for their business, one for $190,000 and the other for $294,566 (See Exhibit 4, Credit Denial letters).

49.   Upon the Plaintiffs' request for verification and deletion, and in accordance with its standard procedures, Experian did not evaluate or consider any of Plaintiffs' information, claims or evidence and did not make any attempt to substantially or reasonably verify both the CCCU reporting line and Elan reporting line.

50.   In the alternative to the allegation that Experian failed to contact Plaintiffs' Bankruptcy court and/or Defendants, it is alleged that Experian did forward some notice of the dispute to Defendants, and Defendants failed to conduct a lawful investigation.

## FACTUAL ALLEGATIONS: COUNT IV CCCU

51.   Plaintiffs incorporates by reference all preceding paragraphs as though fully stated herein.

52.   Defendant CCCU willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiffs' dispute(s) from one or more consumer reporting agency, and/or by failing to

appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

53.   As a result of said Defendant's violations of § 1681s-2(b), Plaintiffs have suffered actual damages not limited to credit denials, out-of-pocket expenses, detriment to their credit rating, and emotional distress.

54.   Said Defendant's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages.

55.   Plaintiffs are entitled to recover costs and attorney's fees from CCCU.

## FACTUAL ALLEGATIONS: COUNT IV ELAN FINANCIAL SERVICES

56.   Plaintiffs incorporate by reference all preceding paragraphs as though fully stated herein.

57.   Defendant Elan Financial Services willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiffs' dispute(s) from one or more consumer reporting agency, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

58.   As a result of said Defendant's violations of § 1681s-2(b), Plaintiffs have suffered actual damages not limited to credit denials, out-of-pocket expenses, detriment to their credit rating, and emotional distress.

59.   Said Defendant's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages.

60.   Plaintiffs are entitled to recover costs and attorney's fees from Elan Financial Services.

## FIRST CLAIM FOR RELIEF AGAINST EQUIFAX

61.   The Plaintiffs reallege and incorporates all paragraphs above as if fully set out herein.

62.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiffs.

63.   As a result of this conduct, action and inaction of Equifax, the Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

64.   Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. 1681n. In the alternative, it was negligent, entitling the Plaintiffs to recover under 15 U.S.C 1681o.

65.   The Plaintiffs are entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST EQUIFAX

66.   Plaintiffs reallege and incorporates all paragraphs above as if fully set out herein.

67.    Equifax violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to CCCU and Elan Financial Services; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiffs' credit files; and by relying upon verification from a source it has reason to know is unreliable.

68.    As a result of this conduct, action and inaction of Equifax, the Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

69.    Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. §1681o.

70.    The Plaintiffs are entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.


### FIRST CLAIM FOR RELIEF AGAINST TRANS UNION

71.    The Plaintiffs reallege and incorporates all paragraphs above as if fully set out herein.

72.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiffs.

73.   As a result of this conduct, action and inaction of Trans Union, the Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

74.   Trans Union's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. 1681n. In the alternative, it was negligent, entitling the Plaintiffs to recover under 15 U.S.C 1681o.

75.   The Plaintiffs are entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST TRANS UNION

76.   Plaintiffs reallege and incorporates all paragraphs above as if fully set out herein.

77.   Trans Union violated 15 U.S.C. § 1681li on multiple occasions by failing to delete inaccurate information in the Plaintiffs' credit files after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to CCCU and Elan Financial Services; by failing to maintain reasonable procedures with which to filter and verify disputed

information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

78. As a result of this conduct, action and inaction of CCCU and Elan Financial Services, the Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

79. Trans Union's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. §1681o.

80. The Plaintiffs are entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## FIRST CLAIM FOR RELIEF AGAINST EXPERIAN

81. The Plaintiffs reallege and incorporates all paragraphs above as if fully set out herein.

82. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiffs.

83. As a result of this conduct, action and inaction of Experian, the Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit,

the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

84.   Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. 1681n. In the alternative, it was negligent, entitling the Plaintiffs to recover under 15 U.S.C 1681o.

85.   The Plaintiffs are entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST EXPERIAN

86.   Plaintiffs reallege and incorporates all paragraphs above as if fully set out herein.

87.   Experian violated 15 U.S.C. § 1681li on multiple occasions by failing to delete inaccurate information in the Plaintiffs' credit files after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to CCCU and Elan Financial Services; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiffs' credit filed; and by relying upon verification from a source it has reason to know is unreliable.

88.   As a result of this conduct, action and inaction of Experian, the Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

89.  Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. §1681o.

90.  The Plaintiffs are entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## FIRST CLAIM FROM RELIEF AGAINST CCCU

91.  Plaintiffs realleges and incorporates all paragraphs above as if fully set out herein.

92.  CCCU published the CCCU representation and CCCU Collection Representation to Equifax, Trans Union, and Experian, and through Defendants to all of Plaintiff's potential lenders on multiple occasions, including but not limited to the CCCU response to Defendants and which formed the basis of the Defendants dispute responses.

93.  The Defamation was willful and with malice. CCCU did not have any reasonable basis to report the status and line items in Plaintiffs' credit report(s). It also had substantial information, time, and opportunity to verify that the Plaintiffs' credit report(s) were reporting accurately. Further, even if CCCU would attempt to plead ignorance prior to March 2017, it had all the evidence and information with which to confirm and recognize the Plaintiffs had included the CCCU Debts in the Chapter 7 Bankruptcy.

94.     As a result of this conduct, action and inaction of CCCU, the Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

95.     The Defamation, conduct and actions of CCCU were willful, deliberate, intentional and/or with reckless disregard for the interests and rights of Plaintiffs such as to justify an award of punitive damages against CCCU in an amount to be determined by the court.

## SECOND CLAIM FOR RELIEF AGAINST CCCU

96.     Plaintiffs reallege and incorporates all paragraphs above as if fully set out herein.

97.     CCCU violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to report the CCCU representation and CCCU Collection representation within the Plaintiffs' credit file(s) with Defendants without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiffs' disputes of both tradelines; by failing to accurately respond to Defendants; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agencies.

98.     As a result of this conduct, action and inaction of CCCU, the Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and

the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

99.    CCCU's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

## FIRST CLAIM FROM RELIEF AGAINST ELAN FINANCIAL SERVICES

100.   Plaintiffs reallege and incorporates all paragraphs above as if fully set out herein.

101.   Elan published the Elan representation to Equifax, Trans Union, and Experian, and through Defendants to all of Plaintiffs' potential lenders on multiple occasions, including but not limited to the Elan response to defendants and which formed the basis of the Defendants dispute responses.

102.   The Defamation was willful and with malice. Elan did not have any reasonable basis to report the status and line items in Plaintiffs' credit report(s). It also had substantial information, time, and opportunity to verify that the Plaintiffs' credit report(s) were reporting accurately. Further, even if Elan would attempt to plead ignorance prior to March 2017, it had all the evidence and information with which to confirm and recognize the Plaintiffs were current on all payments.

103.   As a result of this conduct, action and inaction of Elan, the Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and

the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

104. The Defamation, conduct and actions of Elan were willful, deliberate, intentional and/or with reckless disregard for the interests and rights of Plaintiffs such as to justify an award of punitive damages against Elan in an amount to be determined by the court.

**SECOND CLAIM FOR RELIEF AGAINST ELAN FINANCIAL SERVICES**

105. Plaintiffs reallege and incorporates all paragraphs above as if fully set out herein.

106. Elan violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to report the Elan representation within the Plaintiffs' credit file(s) with Defendants without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiffs' disputes of both tradelines; by failing to accurately respond to Defendants; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agencies.

107. As a result of this conduct, action and inaction of Elan, the Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

108. Elan's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

## TRIAL BY JURY

84. Plaintiffs are entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

WHEREFORE, Your Plaintiffs demand judgment for compensatory and punitive damages against Defendants, jointly and severally; for his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the court does deem just, equitable and proper.

FIELDS LAW FIRM

Dated: Nov. 8 , 2017.                    By:

Blake R. Bauer
Attorney for Plaintiffs
701 Washington Ave N, suite 300
Minneapolis, MN 55401
(612)-206-3476
Blake@FieldsLaw.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFFS

STATE OF MINNESOTA        )
                          ) ss
COUNTY OF ~~HENNEPIN~~     )
            DAKOTA  KG

      Kim Giacomini, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Kim Giacomini

Subscribed and sworn to before me
this 9TH day of November 2017.


_____
Notary Public

JUSTIN PAUL ANZALONE
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2021

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFFS

STATE OF MINNESOTA     )
                              ) ss
COUNTY OF ~~HENNEPIN~~    )
              DAKOTA *jg*

Jeff Giacomini, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____

Jeffery Giacomini

Subscribed and sworn to before me
this 9TH day of November 2017.

_____
Notary Public

JUSTIN PAUL ANZALONE
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2021